UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MANVIR S LITT | CIVIL ACTION NO. 21-cv-1277 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Manvir S. Litt ("Plaintiff") filed this civil action against Berkshire Hathaway Homestate Insurance, John Stewart Trucking, LLC, and Nicholas L. Johnson based on an assertion of diversity jurisdiction, which places the burden on Plaintiff to set forth specific facts that demonstrate the requisite amount in controversy and complete diversity of citizenship. The court is obligated to ensure the existence of subject matter jurisdiction even if no party raises the issue.

Plaintiff makes a good faith allegation that the amount in controversy exceeds $75,000. Plaintiff alleges that he is a citizen of the State of Washington, and individual defendant Nicholas Johnson is alleged to be a citizen of Louisiana. But more information is needed regarding the citizenship of defendants Berkshire Hathaway and John Stewart Trucking for Plaintiff to satisfy his burden.

The complaint alleges that Berkshire Hathaway is an insurance company incorporated under the laws of the state of Nebraska. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint

or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Plaintiff alleges that Berkshire Hathaway was organized under Nebraska law, but it does not allege the corporation's principal place of business, which is determined based on the standard set forth in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). Plaintiff will need to file an amended complaint that specifically alleges Berkshire Hathaway's principal place of business.

The complaint alleges that John Stewart Trucking, LLC, "is a limited liability company incorporated under the laws of the State of Louisiana." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff's amended complaint must specifically identify each member of John Stewart Trucking and specifically allege the citizenship of each member.

Defendants are instructed to promptly provide the necessary information to Plaintiff's counsel so that this preliminary issue may be resolved efficiently. Plaintiff's amended complaint that incorporates that information must be filed no later than **December 3, 2021**. The court will then determine whether it has subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2021.

Mark L. Hornsby
U.S. Magistrate Judge