UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MANVIR S LITT

CIVIL ACTION NO. 21-cv-1277

VERSUS

JUDGE TERRY A. DOUGHTY

BERKSHIRE HATHAWAY HOMESTATE INSURANCE ET AL

MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

**Introduction**

Manvir Litt ("Plaintiff") was seriously injured when the tractor-trailer rig he was driving collided with a log truck that entered the interstate ahead of him. Plaintiff filed this action against Nicholas Johnson (the other driver), John Stewart Trucking, LLC (the employer of the other driver and owner of the other truck), and Berkshire Hathaway Homestate Insurance (the liability insurer).

Before the court are two motions for partial dismissal (Docs. 7 & 18) that argue the court should dismiss the claims of negligent hiring/training/entrustment against John Stewart Trucking because the employer admitted in its answer that its driver was acting in the course and scope of his employment at the time of the accident. The motions also attack what the complaint labeled a "strict liability" claim. For the reasons that follow, it is recommended that the motions be granted.[1]

---

[1] Plaintiff's original complaint included a prayer for punitive or exemplary damages. The first motion to dismiss attacked the claim for a lack of legal basis. Plaintiff responded by voluntarily dismissing any such claims. Docs. 12 & 13. Plaintiff also filed a second

**The Allegations**

Plaintiff's second amended complaint alleges that, on a January evening after dark, he was operating a 2015 Freightliner 125 southbound on I-49 and approaching the intersection with LA 175 in DeSoto Parish. At the same time, defendant Nicholas Johnson was driving a 2007 Mack 613 tractor pulling a trailer loaded with logs/timber and was entering the outside lane of I-49 south from the LA 175 on-ramp.

Plaintiff alleges that he was driving about 70 miles per hour when he crested the overpass at Highway 175 and suddenly encountered Johnson's slow moving tractor-trailer. Plaintiff applied the brakes and attempted to turn to the right, but he was unable to avoid a collision. Logs from Johnson's trailer pierced the front end of Plaintiff's truck, impaling him and causing serious injuries, including a traumatic amputation of his left forearm and a traumatic amputation of his left leg at a spot between the knee and ankle.

Plaintiff's complaint sets forth five counts of potential liability. Count I is negligence of Nicholas Johnson, the other driver, for entering the interstate directly in front of Plaintiff's truck at a slow speed at night, failure to use warning flashers or otherwise indicate that he was moving at a very slow speed on a 70 mile per hour interstate at night, and operating in violation of La. R.S. 32:382, which sets forth length limitations and other rules regarding semi-trailers and vehicles transporting timber.

Count II is titled "Negligence of John Stewart Trucking." It alleges that the company was negligent in failing to properly train Mr. Johnson or to have proper policies

---

amended complaint (Doc. 39) that omitted the claim for punitive damages. Accordingly, this aspect of the motion to dismiss is moot.

and procedures in place for training its drivers regarding safe entry of a highway and the like. It also faults the trucking company for not acting reasonably in hiring and retaining Mr. Johnson and negligently permitting him to operate the vehicle in violation of various state and federal regulations regarding length, speed, night operation, and the like. The company is also faulted for negligently training, supervising, and managing Mr. Johnson, as well as entrusting to him an allegedly improperly loaded tractor-trailer while knowing that it would be operated on an interstate highway at night.

Count III is titled "Negligent Entrustment by John Stewart Trucking." It alleges that the company knew or should have known that Mr. Johnson was unable to safely and properly operate the vehicle, failed to make a proper inquiry into Johnson's background to determine if he was capable of safe driving, and failed to properly monitor and maintain its vehicle so as to prevent unsafe drivers such as Johnson from operating it.

Count IV asserts vicarious liability of John Stewart Trucking based on an allegation that Mr. Johnson was an employee or agent of the company. The trucking company is alleged to therefore be vicariously liable for Johnson's fault in causing the accident.

Finally, Count V is titled "Strict Liability of John Stewart Trucking." The count begins by incorporating by reference the preceding paragraphs. It then alleges that the company was the "registered owner of the truck … and is therefore responsible for the negligent acts of the defendant driver set forth above, or for any vices or defects of the subject truck, or any unreasonably dangerous conditions associated with same."

**Independent Negligence Claim Against Trucking Company**

Plaintiff's complaint alleges both that Mr. Johnson was negligent in his operation of the truck and that his employer, John Stewart Trucking, was both vicariously liable for Johnson's negligence and independently negligent based on its hiring, training, and supervision of Mr. Johnson. All three defendants filed an answer (Doc. 40) to the second amended complaint. In response to paragraph 29, which alleged that John Stewart Trucking was vicariously liable for the acts of Mr. Johnson, the defendants stated that "it is admitted that at the time of the accident Nicholas L. Johnson was the employee of John Stewart Trucking, LLC and … was in the course and scope of employment for John Stewart Trucking, LLC." ¶ 29.

Defendants argue that because it is admitted that Mr. Johnson was acting in the course and scope of his employment, John Stewart Trucking will automatically be liable for any negligence that Johnson committed, which effectively bars or renders superfluous any independent claim of negligence on the part of the trucking company. The argument is that if the driver is found to be at fault for the accident, the company will be as well. If the driver is found not at fault, then no amount of negligent hiring/training/supervision could impose any liability on the employer. Thus, it is meaningless to address any such independent negligence by the employer when course and scope have been stipulated or admitted.

Judge Doughty, who presides over this case, is among the judges who have dismissed such independent claims of negligence against the employer when it is stipulated that the employee-driver was acting in the course and scope of his duty. See, e.g., Spiker

v. Salter, 2021 WL 5828031 (W.D. La. 2021) (Doughty, J.) and Dennis v. Collins, 2016 WL 6637973 (W.D. La. 2016) (Hicks, C.J.). Judge Cain has taken a different approach. He rejected the defense argument and denied a motion that asked to dismiss the independent claim of negligence against the employer. Fox v. Nu Line Transport, LLC, 2020 WL 4432869 (W.D. La. 2020). A motion to certify appeal was granted in Fox, and the case has been fully briefed in the Fifth Circuit under case number CA 20-30716.

A state appellate court recently surveyed state court decisions on the issue and held in Martin v. Thomas, 326 So.3d 334 (La. App. 2d Cir. 2021 that the plaintiff could not sustain an independent negligence claim against the employer after the employer judicially admitted to its driver's status as an employee acting in the course and scope of his employment. The Supreme Court of Louisiana granted the plaintiff's writ of certiorari and issued a briefing schedule in December 2021. Martin v. Thomas, 328 So.3d 1164 (La. 2021). A Rule 28(j) letter was recently filed in the Fox case to alert the Fifth Circuit to the grant of certiorari in Martin.

It is likely that controlling authority on this issue will be forthcoming in the next few months. In the meantime, it is recommended that the court dismiss the independent negligence claims against John Stewart Trucking, which is consistent with prior decisions by Judge Doughty as well as the Dennis decision issued by Chief Judge Hicks in this division. If the Supreme Court of Louisiana or Fifth Circuit should issue a contrary decision during the course of this litigation, then this court's decision to dismiss the claims may be reconsidered and corrected pursuant to Fed. R. Civ. Pro. 54(b). That rule provides that any order or decision that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[2]

**Strict Liability**

Count V of the second amended complaint is titled "Strict Liability of John Stewart Trucking, LLC." Below the heading are two paragraphs. Paragraph 30 states that Plaintiff incorporates by reference all prior paragraphs of the complaint. Paragraph 31 alleges that John Stewart Trucking "is the registered owner of the truck … involved in the collision and is therefore responsible for the negligent acts of the defendant driver set forth above, or for any vices or defects of the subject truck, or any unreasonably dangerous conditions associated with same."

The count does not cite any legal basis, but its reference to strict liability and vices or defects brings to mind La. Civ. Code art. 2317, which states that we are responsible for the damage occasioned by "the things which we have in our custody." Louisiana previously imposed what was known as strict liability against the owner of a defective item that injured someone and was deemed unreasonably dangerous, even if the owner did not know of the defect. In 1996, the legislature amended the relevant code articles and

---

[2] "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Marshall v. United Credit Corp. of Tallulah, 2021 WL 4149654, *2 (W.D. La. 2021) (Doughty, J.), quoting Iturralde v. Shaw Grp., Inc., 512 Fed. Appx. 430, 432 (5th Cir. 2013). Under the rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Cabral v. Brennan, 853 F.3d 763, 767 n. 3 (5th Cir. 2017).

effectively did away with strict liability. Article 2317 now states that it is subject to the limitations in Article 2317.1, which provides: "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."

Defendants argued in their motions to dismiss that this claim should be dismissed because there is no more strict liability under state law, and there are no allegations in the complaint that a defect or dangerous condition of the truck itself caused the accident. As for the allegations within the count that John Stewart Trucking is responsible for any negligent acts of its driver, the defendants admit that would be the case under vicarious liability principles.

Plaintiff's response (Doc. 22) first disavows any attempt to plead a "pre-1996 strict liability" claim. He states that he is not suggesting that the court should find John Stewart Trucking or Mr. Johnson liable for unreasonable conditions associated with the tractor-trailer without the application of a negligence standard. Plaintiff states that his use of the term "strict liability" refers to the trucking company's relationship with its employee driver, for whom it is liable under vicarious liability principles.

That clarification would possibly obviate the need for further discussion, but Plaintiff then proceeds to invoke Articles 2317 and 2317.1 and argue that "the fact that JST owned the tractor trailer still *does* make JST potentially liable for any dangerous conditions of the tractor or trailer." Plaintiff states that he did plead specific facts regarding dangerous

conditions of the tractor and trailer. He points to allegations in paragraphs 23(j) and 23(l) that were incorporated into Count V by reference.

Paragraph 23 is found in Count II, which asserts negligence by John Stewart Trucking. The cited subparagraphs (j) and (l) allege that the company was negligent for "[p]ermitting, allowing and consenting to the defendant, Nicholas L. Johnson, operating a load carried by a combination of vehicles transporting timber poles/forest products improperly and at night in violation of La. R.S. 32:382." The second cited subparagraph faults the company for "[e]ntrusting Mr. Johnson with an improperly loaded tractor-trailer knowing that he would be operating them on an interstate highway at night."

Plaintiff argues that such actions would constitute an unreasonably dangerous condition or vice in the tractor or trailer. The undersigned disagrees that negligently entrusting a truck to a driver or allowing him to drive it with a certain kind of load amounts to a vice or defect in the truck within the meaning of Articles 2317 and 2317.1. A defect within the meaning of Article 2317.1 "is a condition or imperfection that poses an unreasonable risk of injury to persons exercising ordinary care and prudence." Wynn v. Luck, 106 So.3d 111, 114 (La. App. 2d Cir. 2012), cited for this proposition in Renwick v. PNK Lake Charles, LLC, 901 F.3d 605, 617 n. 14 (5th Cir. 2018). Plaintiff has not identified any physical or mechanical defect in the truck or trailer, such as inoperable lights, that is blamed for the accident. Rather, he points to allegations about the conditions under which the trucking company allowed its driver to load or operate the truck. Those are allegations of negligence rather than allegations of a vice, defect, or other physical condition or imperfection of the truck.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Plaintiff's negligence allegations, absent any plausible allegation of a vice or defect in the truck, do not state a plausible claim for relief under Article 2317 or 2317.1. Count V should be dismissed because it does not state a claim under the code article relevant to a vice or defect in the truck, and its allegations that suggest an independent negligence claim against the trucking company are barred for the reasons stated above.

It may seem needless to determine whether a valid claim has been asserted under Article 2317.1, given that its knowledge requirement effectively eliminated strict liability and turned it into a negligence claim. Renwick, 901 F.3d at 617 n. 12. "There is essentially no difference between the two types of claims under Louisiana law …." Butler v. Denka Performance Elastomer, LLC, 16 F.4th 427, 443-44 (5th Cir. 2021), quoting Oster v. Dept. of Transp. & Dev., 582 So.2d 1285, 1288 (La. 1991).

But the plausibility of an Article 2317.1 claim is worth resolving because a plaintiff could assert an independent claim under Article 2317.1 against a trucking company for a defect in a truck (faulty brakes, inoperable lights, etc.) even though an independent negligence claim under Article 2315 for negligent hiring/training/supervision is barred under decisions such as Spiker and Dennis. The driver in such a case might bear no fault at all, yet the trucking company could be at fault for an accident based on its ownership or custody of a defective truck if it knew or should have known of the defect and could have

prevented the accident by the exercise of reasonable care to repair it. In this case, the complaint does not set forth any non-speculative allegations of such a defect in the truck owned by John Stewart Trucking, so any claim against the trucking company under Articles 2317 and 2317.1 should be dismissed.

Accordingly,

It is recommended that Defendants' motions for partial dismissal (Docs. 7 & 18) be granted as follows: all independent claims of negligence based on Civil Code Article 2315 and any claims based on Civil Code Articles 2317 and 2317.1 against John Stewart Trucking, LLC should be dismissed for failure to state a claim on which relief may be granted. John Stewart Trucking, LLC should remain a defendant in this case because it is potentially liable for the alleged negligence of its employee based on principles of vicarious liability.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2022.

Mark L. Hornsby
U.S. Magistrate Judge