UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MANVIR S LITT            CIVIL ACTION NO. 21-cv-1277
                                                         LEAD

VERSUS                         JUDGE TERRY A. DOUGHTY

BERKSHIRE HATHAWAY HOMESTATE     MAGISTRATE JUDGE HORNSBY
INSURANCE ET AL

**MEMORANDUM ORDER**

Manvir Litt ("Plaintiff") (citizen of Washington) was seriously injured when the tractor-trailer rig he was driving collided with a log truck that entered the interstate ahead of him. Plaintiff filed this action in federal court based on diversity jurisdiction. The original defendants are Nicholas Johnson (the other driver; Louisiana), John Stewart Trucking, LLC (the employer of the other driver and owner of the other truck; Louisiana), and Berkshire Hathaway Homestate Insurance (the liability insurer; Nebraska). These jurisdictional facts were established at Docs. 30, 32 & 34.

Plaintiff later moved for leave to file a third amended complaint that would add new defendants Walsh Timber Company, LLC and C&W Logging, Inc. Plaintiff alleged that C&W hired John Stewart Trucking to deliver timber products purchased by Walsh to the International Paper mill. Walsh and C&W are alleged to bear fault in connection with the accident.

The court issued a memorandum order (Doc. 58) that granted Plaintiff leave to file the amended complaint but required more information to ensure the continued existence of

diversity jurisdiction. The order directed counsel for C&W to confirm in its answer whether it is a Louisiana corporation with its principal place of business in Louisiana, and it did. Doc. 95, ¶ 6. The order directed counsel for Walsh to include in its answer specific allegations of its citizenship in accordance with the rules applicable to an LLC. Walsh recently filed information (Doc. 91) about its members that indicates its addition as a defendant may have destroyed diversity and require dismissal of this action for lack of subject matter jurisdiction.

Walsh Timber Company, LLC states that it has two members, both of which are also LLCs. The first member LLC has more than a dozen members, and each is a citizen of either Louisiana or Texas. The second member LLC has more than 100 members, but none of them share Plaintiff's Washington citizenship. Two of the members of the second LLC, however, are reported to be United States citizens who have lived in Europe for the last 20 years. Their current domiciles are said to be in Scotland.

United States citizens who are domiciled abroad are considered stateless and spoil complete diversity. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 109 S.Ct. 2218 (1989); <u>Firefighters' Ret. Sys. v. Citco Grp. Ltd.</u>, 796 F.3d 520, 523 n.1 (5th Cir. 2015) ("Although no Defendant is a Louisiana entity or person, the addition of Skadden defeated diversity jurisdiction because Skadden, a partnership whose members include U.S. citizens domiciled abroad, is stateless for the purposes of diversity jurisdiction."); <u>Creel v. Johnson</u>, 2018 WL 1722390 (W.D. La. 2018) (recommending remand when one party was a U.S. citizen domiciled in South Korea).

Plaintiff will be allowed until **November 4, 2022** to file a memorandum and show cause why the court should not dismiss this civil action without prejudice for lack of diversity or other basis for subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of October, 2022.

Mark L. Hornsby
U.S. Magistrate Judge